FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 SEP -5 PM 3: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSELL GERALD FLICK, | * |
| Petitioner | * |
| v | * Civil Action No. WMN-16-778 |
| STATE OF MARYLAND, and MICHAEL CAPASSO, | * |
| | * |
| Respondents | * |

***

## MEMORANDUM OPINION

The above-entitled Petition for Writ of Habeas Corpus filed by Russell Gerald Flick challenges the validity of his November 23, 2015 conviction for burglary in the Circuit Court for Harford County, Maryland. ECF 1. Respondents filed an Answer indicating that Petitioner has failed to exhaust his state court remedies. ECF 5. Petitioner replied. ECF 8. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons to follow, the petition will be denied and dismissed without prejudice and a certificate of appealability shall not issue.

Before this Court may consider the merits of claims raised under 28 U.S.C. §2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest

state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

Petitioner plead guilty in the Circuit Court for Harford County, Maryland on November 23, 2015 to second degree assault. ECF 5-1. He was sentenced to a ten year term of confinement, with all but six months suspended. *Id.* At the time he filed this case, he had not filed an application for leave to appeal the entry of his guilty plea. *Id.* He did, however, file a motion for modification of sentence which was pending as of the date of Respondents' answer. *Id.* He also filed a petition for writ of habeas corpus which was denied. *Id.* He had not initiated state post-conviction proceedings. *Id.*

To exhaust a claim on direct appeal, after the entry of a guilty plea, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Petitioner must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Petitioner must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief

2

on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams, supra.*

Petitioner must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Petitioner is forewarned that the one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Petitioner has to seek federal habeas corpus review. Given these constraints, the instant petition will be dismissed without prejudice to accord Petitioner adequate time and notice to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner fails to meet this standard and a certificate of appealability shall not issue.

A separate Order follows.

                                                 /s/
                                       William M. Nickerson
                                       Senior United States District Judge

DATED: September 5, 2017